UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN DAMON PATTERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>C. SCHUYLER,<br><br>    Defendant. | Case No. 25-cv-04485-VC<br><br>**ORDER OF SERVICE** |

Bryan Damon Patterson, a California state prisoner at Salinas Valley State Prison (SVSP) proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 regarding his religious practice rights. Patterson has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. Service of the complaint is ordered.

## DISCUSSION

### I. Standard of Review

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*,

487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## II.    Patterson's Allegations

Patterson's complaint alleges the following:

He receives a kosher diet as a member of the Black House of Yahweh. Defendant former warden Schuyler issued a memorandum on April 3, 2024 providing that kosher diet recipients would receive a Passover diet from April 22, 2024 through April 30, 2024. Patterson complained to the SVSP administration on April 15 that his religious beliefs required that he follow a Passover diet from April 14 until April 21. His grievance and appeal were denied, and he contends that his First Amendment right to practice his religion was violated. He seeks damages and unspecified injunctive relief.

## III.    Analysis

The Free Exercise Clause of the First Amendment forbids the state from "prohibiting the free exercise" of religion. U.S. Const. amend. I. Prisoners retain their religious freedom while incarcerated, subject to limitations "aris[ing] both from the fact of incarceration and from valid penological objectives." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). For a prisoner to establish a free exercise violation, he therefore must show that a prison regulation or official burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). Liberally construed, plaintiff has stated a First Amendment claim.

## CONCLUSION

Based on the foregoing, the court orders as follows:

1. The court orders that the following defendants be served electronically: SVSP former warden Schuyler.

Service on the listed defendant will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the court a completed CDCR Report of E-Service Waiver advising the court whether the defendant listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) or whether the defendant declines to waive service or could not be reached. CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the court a waiver of service of process for the defendant if he is waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk is requested to prepare for the defendant, if he has not waived service according to the CDCR Report of E-Service Waiver, a USM-285 Form. The clerk will provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk will also provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before sixty (60) days from the date on which the CDCR

provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within twenty-one (21) days after being served with the summons and complaint.

      3.      The following briefing schedule shall govern dispositive motions in this action:

      a.  If the defendant intends to file a motion for summary judgment or other dispositive motion, he must do so no later than fifty-six days from the date the answer is due. If the defendant files a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If the defendant believes this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on Patterson.

At the time the dispositive motion is served, the defendant will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

      b.  Patterson's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on the defendant no later than twenty-eight days after the date on which the defendant's motion is filed.

Before filing his opposition, Patterson is advised to read the notice that will be provided to him by the defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Patterson is cautioned that because he bears the burden of proving his

4

allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to the defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Patterson will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c. The defendant shall file a reply brief no later than fourteen days after the date Patterson's opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders later.

4. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order pursuant to Rule 30(a)(2) is required before the parties may conduct discovery.

5. All communications by Patterson with the court must be served on the defendant, or the defendant's counsel once counsel has been designated, by mailing a true copy of the document to the defendant or counsel.

6. It is Patterson's responsibility to prosecute this case. Patterson must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: October 9, 2025

_____
VINCE CHHABRIA

United States District Judge